UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X
GIANFRANCO ELLIOT RAMIREZ
GUTIERREZ,

                    Plaintiff,

         -against-

DOLLAR TREE STORE MANAGEMENT,
INC. and DOLLAR TREE STORES, INC.,

                    Defendants.
----------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
24-CV-1864 (RER) (TAM)
(Not for publication)

**TARYN A. MERKL**, United States Magistrate Judge:

On January 5, 2024, Plaintiff Gianfranco Elliot Ramirez Gutierrez filed a complaint in the Supreme Court of the State of New York, Kings County, against Defendants Dollar Tree Store Management, Inc. and Dollar Tree Stores, Inc. (collectively, "Defendants"), alleging that Defendants' negligence at the Dollar Tree Premises at 340 Granville Payne Avenue, Brooklyn, New York 11207, led to Plaintiff's slip and fall and resulting injuries. (*See* Summons & Compl., ECF No. 1-2.) On March 13, 2024, Defendants removed the case to the Eastern District of New York. (Not. of Removal, ECF No. 1.)

Plaintiff's former counsel has since withdrawn from the case because she has been unable to get in contact with Plaintiff. (*See* Mot. to Withdraw as Att'y ("Counsel's Mot."), ECF No. 29; July 10, 2025 ECF Min. Entry & Order; Order, ECF No. 33.) After continually failing to appear as directed for several months, and despite the Court's order directing him to appear on his own behalf, *pro se*, or to have new counsel file an appearance on his behalf by August 11, 2025, Plaintiff has failed to appear or have new counsel appear. (*See* Order, ECF No. 33.) For the following reasons, the Court

respectfully recommends that Plaintiff's claims be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As noted above, Plaintiff commenced this action on January 5, 2024, in the Supreme Court of the State of New York. (Summons & Compl., ECF No. 1-2.) On March 13, 2024, Defendants removed this case to federal court. (Not. of Removal, ECF No. 1.) The Court held an initial conference on May 2, 2024, and then there was a period of inactivity due to a change in Plaintiff's counsel. (*See* May 2, 2024 ECF Min. Entry & Order; Aug. 29, 2024 ECF Order.)

On January 20, 2025, Joanna Lambridis appeared as counsel on behalf of Plaintiff. (Not. of Appearance, ECF No. 20.) The parties were then referred to mediation. (Feb. 10, 2025 ECF Order.)

On April 18, 2025, Ms. Lambridis filed a report indicating that the parties had scheduled a mediation for April 2, 2025, but the mediation could not proceed as planned because "counsel for Plaintiff was unable to locate and communicate with their client in advance of the scheduled date." (Status Report, ECF No. 25.) Ms. Lambridis stated that she was "continuing diligent efforts to make contact with the client," and requested additional time to locate her client and reschedule and complete mediation. (*Id*.) In response, the Court directed Plaintiff's counsel to file a status report by May 16, 2025, with an update as to communication with Plaintiff, and noted the following:

"**Plaintiff Gianfranco Elliot Ramirez Gutierrez is advised that failure to participate in this action will result in this Court recommending that Plaintiff's claims be dismissed for failure to prosecute**." (Apr. 21, 2025 ECF Order (emphasis in original).) Ms. Lambridis filed an affidavit of service representing that Plaintiff was served a copy

of the Court's April 21, 2025 order and a translation of the order, via mail, to Plaintiff's last known address. (Aff. of Service, ECF No. 26.)

On May 16, 2025, Ms. Lambridis filed a status report representing that her office had still been unable to reach Plaintiff, even though she attempted to contact Plaintiff via written correspondence, telephone, and text message, and requesting that she be granted leave to file a motion to withdraw as counsel. (Status Report, ECF No. 27.) On May 19, 2025, the Court directed counsel to either file a motion to withdraw as attorney or a status report by June 15, 2025. (May 19, 2025 ECF Order.) The Court again reminded Plaintiff that "**failure to participate in this action will result in this Court recommending that Plaintiff's claims be dismissed for failure to prosecute**," and again directed Plaintiff's counsel to provide a copy of the Court's order to Plaintiff, along with a translated version, if necessary, "by any and all means that have been effective to communicate with Plaintiff in the past," by May 27, 2025. (*Id*. (emphasis in original).) Ms. Lambridis filed an affidavit of service representing that Plaintiff was served with a copy of the Court's May 19, 2025 order and a translation of the order, via mail, to Plaintiff's last known address. (Aff. of Service, ECF No. 28.)

On June 13, 2025, Ms. Lambridis filed her motion to withdraw as attorney, as well as a certificate of service indicating that copies of the notice of motion and supporting affirmation were sent to Plaintiff via mail and email. (Counsel's Mot., ECF No. 29; Certificate of Service, ECF No. 29-4.) In the motion, Ms. Lambridis explained that "there has been a breakdown in communication with [her] client," and despite many attempts to contact her client via telephone, email, text message, and U.S. mail, she has been unable to get into contact with Plaintiff. (Lambridis Decl., ECF No. 29-1, ¶¶ 3–5.)

In response to Ms. Lambridis's motion, the Court scheduled a status conference for July 8, 2025, directed Plaintiff to "**personally appear for the scheduled conference**," and directed counsel to send both a copy of the scheduling order and a translated version of the order, as well as a translated version of counsel's motion to withdraw, to Plaintiff by June 23, 2025. (June 17, 2025 ECF Scheduling Order (emphasis in original).) Counsel filed certificates of service confirming that the aforementioned documents were sent to Plaintiff via certified mail and regular mail. (Certificate of Service, ECF No. 30; Certificate of Service, ECF No. 31.) After the Court rescheduled the status conference to July 10, 2025, and again directed Plaintiff to "**personally appear for the scheduled conference**," counsel sent a copy of the rescheduling order and a translated version of the order to Plaintiff. (June 26, 2025 ECF Rescheduling Order (emphasis in original); Aff. of Service, ECF No. 32.)

On July 10, 2025, the Court held a hearing regarding counsel's motion to withdraw. (July 10, 2025 ECF Min. Entry & Order.) Notwithstanding the Court's order and Ms. Lambridis's diligent efforts of about a dozen separate attempts to contact Plaintiff, Plaintiff did not appear at the conference, and Ms. Lambridis represented that Plaintiff has not contacted her. (*Id.*) The Court granted Ms. Lambridis's motion to withdraw as attorney. (*Id.*) The Court also issued an order directing Plaintiff to either appear on his own behalf, *pro se*, or to have new counsel file an appearance in this case by August 11, 2025. (Order, ECF No. 33.) The Court noted that "**[u]nless Plaintiff locates new counsel or file[s] an appearance *pro se* by August 11, 2025, this Court will recommend that his case be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)**." (*Id.* (emphasis in original).) The Court then directed Ms. Lambridis to serve the orders filed on July 10, 2025, and Spanish-language versions, on Plaintiff. (July 10, 2025 ECF Order; *see also* July 18, 2025 ECF Order.)

4

On July 30, 2025, Ms. Lambridis filed an affidavit of service and a status report demonstrating that the Court's July 10, 2025 docket orders, as well as translated versions, were served on Plaintiff. (Aff. of Service, ECF No. 34; Status Report, ECF No. 35.) Although Plaintiff was directed to appear on his own behalf or to have new counsel file an appearance in this case by August 11, 2025, he has failed to do.

## DISCUSSION

Under Rule 37(b)(2)(A)(v), the Court may dismiss an action for a party's failure to comply with a court order. Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 41(b). Here, Plaintiff has already been advised more than once that failure to participate in this action will result in this Court's recommendation that Plaintiff's claims be dismissed for failure to prosecute, did not appear as directed for the July 10, 2025 conference, and did not appear on his own behalf or have new counsel file an appearance on his behalf by the August 11, 2025 deadline. For the reasons discussed below, the Court recommends dismissing this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## I. Legal Standards

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court may also dismiss a case for failure to prosecute *sua sponte*. *O'Rourke v. Nirvana*, No. 19-CV-4711 (PAE) (GWG), 2020 WL 1198326, at *1 (S.D.N.Y. Mar. 12, 2020), *report and recommendation adopted*, 2020 WL 2133174 (S.D.N.Y. May 5, 2020). As the Second Circuit has recognized, while dismissal for failure to prosecute is explicitly sanctioned by Rule 41(b), the power of a district court to dismiss on this basis is also considered "'an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own

affairs so as to achieve the orderly and expeditious disposition of cases.'" *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Second Circuit has cautioned, however, that dismissal for lack of prosecution is a "'harsh remedy'" and only appropriate in "'extreme situations.'" *Id.* at 575–76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

When determining whether dismissal for failure to prosecute is warranted, courts must consider five factors, including whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* at 576 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has explained that no single factor is dispositive, and therefore, courts must review all of the factors in determining whether to dismiss for failure to prosecute. *Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3742765, at *2 (E.D.N.Y. Aug. 5, 2021) (citing *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011); *Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009)), *report and recommendation adopted*, 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021). The Circuit has also observed that when a plaintiff fails to respond once threatened with dismissal, it is unclear that a lesser sanction will result in reengagement in a matter. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam).

## II.  Analysis

Here, the Court finds that all five of the relevant factors weigh in favor of dismissing Plaintiff's claims against Defendants. First, months of failure to respond to

6

court orders clearly constitutes a significant delay. *See Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (citing cases). Plaintiff's former counsel has been unable to locate or communicate with Plaintiff since before April 2, 2025. (*See* Status Report, ECF No. 25). Since then, Plaintiff has repeatedly failed to respond to Court orders. (June 26, 2025 ECF Rescheduling Order; July 10, 2025 ECF Minute Entry and Order; Apr. 21, 2025 ECF Order; *see also* May 19, 2025 ECF Order.)

Second, the Court is satisfied that sufficient notice has been provided to Plaintiff about the possibility of dismissal and that further attempts to warn him would be futile. As noted above, the Court and Plaintiff's former counsel have repeatedly notified Plaintiff that "**failure to participate in this action will result in this Court recommending that Plaintiff's claims be dismissed for failure to prosecute**." (Apr. 21, 2025 ECF Order; May 19, 2025 ECF Order (emphasis in original).) Plaintiff was then advised that should he fail to appear on his own behalf or have new counsel file an appearance on his behalf by August 11, 2025, "**this Court will recommend that his case be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)**." (July 10, 2025 ECF Order (emphasis in original).)

Third, further delay would prejudice Defendants. "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Caussade*, 293 F.R.D. at 630. As noted above, Plaintiff has been unreachable by counsel and the Court for several months. The Court finds that Defendants would be prejudiced by further delay in this litigation given that it has been pending for almost five months and in light of the current record, which shows that the case has not meaningfully progressed since February 2025, notwithstanding multiple court orders.

In addition to the notices sent to Plaintiff regarding the consequences of his failure to appear, and the prejudice Defendants would face if the case were further

delayed by Plaintiff's non-appearance and refusal to follow court orders, the Court also concludes that the fourth and fifth factors under Rule 41(b) weigh in favor of dismissal. Plaintiff's serial failures to participate use up "scarce judicial resources" and reduce "fairness to other litigants." *Chira v. Lockheed Aircraft Corp*., 634 F.2d 664, 668 (2d Cir. 1980). As discussed, Plaintiff has not only "shown little interest in prosecuting this case," he has affirmatively violated four court orders directing him to participate after failing to communicate with his attorney, which resulted in her withdrawal as counsel. *Caussade*, 293 F.R.D. at 631. (*See* Apr. 21, 2025 ECF Order; May 19, 2025 ECF Order; June 26, 2025 ECF Rescheduling Order; Order, ECF No. 33; July 10, 2025 ECF Min. Entry & Order; *see also* Status Report, ECF No. 25; Status Report, ECF No. 35; Counsel's Mot., ECF No. 29.) Accordingly, the Court finds that dismissal is the only "efficacious option" and that "dismissal would seek the proper balance between expediency and the rights of the plaintiff." *Vidales*, 2021 WL 3742765, at *4.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends dismissing this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

\*　\*　\*　\*　\*

This report and recommendation will be filed electronically and a copy sent by mail to Plaintiff. Objections to this report and recommendation must be filed, with a courtesy copy sent to the Honorable Ramón E. Reyes, Jr. at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the

specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate[ judge's] decision" (quotation marks omitted)).

      **SO ORDERED.**

Dated: Brooklyn, New York
      August 18, 2025

                             *Taryn A. Merkl*
                            TARYN A. MERKL
                            UNITED STATES MAGISTRATE JUDGE